IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEFFREY E STARK,

      Plaintiff,

v.                             CASE NO. 1:16-cv-334-MP-GRJ

DARLA K WHISTLER,
and PHALADYA W DEAN,

      Defendants.

_____/

## ORDER AND
## REPORT AND RECOMMENDAITON

      Plaintiff, an detainee at the Levy County Jail, initiated this case by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and seeks leave to proceed as a pauper (ECF No. 2).  The Court finds that leave to proceed as a pauper should be granted for the limited purpose of recommending that the case be summarily dismissed.[1]

      The Complaint, ECF No. 1, stems from Plaintiff's 2015 Levy County guilty plea to one count of committing a sex offense (exhibition) against a child by a person over 18 years of age, for which Plaintiff received a

---

[1] Pursuant to the Prison Litigation Reform Act, a prisoner seeking to bring a civil action or appeal *in forma pauperis* shall pay the full amount of the filing fee.  28 U.S.C. § 1915(a)(b)(1).  As explained *infra*, Plaintiff's claims sound in habeas corpus, and in the interest of judicial economy, the Court will not assess the fee at this time in view of the fact that there is no basis for exercising jurisdiction over Plaintiff's claims.

sentence of probation.  ECF No. 1; *see State v. Stark*, Case No. 2014 CF

545 (8th Jud. Cir., Levy County).  Plaintiff was charged with violating the

conditions of probation in September 2016 and is confined pending court

proceedings on the VOP charges.  *Id*.  The named Defendants in this case

are the state attorney who prosecuted Plaintiff and his public defender.

Plaintiff contends that Defendants violated his federal constitutional rights

in connection with his plea proceeding and that the conditions of probation

were excessive such that he was "set up for obvious failure and violation of

probation."  Plaintiff seeks monetary damages for mental and emotional

distress and illegal detention and false imprisonment.  *Id*. at 3-4.

       To the extent that Plaintiff seeks relief from his underlying conviction,

Plaintiff's claims are not properly asserted by way of a civil rights

complaint.  "[W]hen a prisoner is challenging the very fact or duration of his

physical imprisonment, and the relief he seeks is a determination that he is

entitled to immediate release or a speedier release . . .  his sole federal

remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475,

500 (1973).  It is clear that Plaintiff's claims implicate the fact or duration of

his present detention on VOP charges, and therefore such claims go to the

very heart of habeas corpus and are not properly raised in a civil rights

complaint.  Because Plaintiff is challenging a conviction and sentence imposed in Levy County as well as pending VOP proceedings, his remedy would be to file a habeas corpus petition in this Court, after Plaintiff's criminal proceedings are completed and he exhausts all available state remedies.  28 U.S.C. § 2254(b).

To the extent that Plaintiff seeks injunctive relief against state officials in connection with his pending VOP prosecution, federal courts will not interfere with pending state criminal proceedings absent very narrow circumstances, pursuant to the *Younger v. Harris* abstention doctrine.  401 U.S. 37 (1971).  "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances."  *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997).  "The policy of equitable restraint expressed in [*Younger*] . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."  *Hughes v. Att'y Gen. of Florida*, 377 F.3d 1258, 1264 n. 7 (11th Cir. 2004).  The exceptions to *Younger* are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury

would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised.  *Id.* at 1263 n.6.  The allegations of the Complaint do not suggest that this case would fall within any exception to *Younger*.

Lastly, Plaintiff's claims for monetary damages against the state attorney, Darla Whistler, and public defender, Phaladya Dean, in his criminal case are barred.  "In § 1983 actions, prosecutors have absolute immunity for all activities that are '"intimately associated with the judicial phase of the criminal process.'" *Van de Kamp v. Goldstein*, 555 U.S. 335, 338 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *accord Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).  "A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Jones*, 174 F.3d at 1281.

Plaintiff's claims against Phaladya Dean cannot go forward because representation by public defenders is not "state action" and gives no rise to liability under § 1983 absent a conspiracy with state actors.  *See Richardson v. Fleming*, 651 F.2d 366, 371 (5th Cir. 1981); *Slavin v. Curry*, 574 F.2d 1256, 1265 (5th Cir. 1976); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).  The actions of defense counsel in representing Plaintiff are the acts of a private party.  The law is clear that "when performing a

lawyer's traditional functions as counsel to a defendant in a criminal proceeding," a public defender is not a "state actor" for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)(holding that under the facts of this case, a public defender was not acting "under color of state law" but declining to hold that a public defender never acts in that role). The allegations of the Complaint are plainly insufficient to establish the existence of a conspiracy that would support a § 1983 claim.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED**.

It is respectfully **RECOMMENDED** that this case be **DISMISSED**.

**IN CHAMBERS** in Gainesville, Florida, on the 3rd day of November 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.